E-FILED
 Thursday, 07 February, 2008  02:10:01 PM
 Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALLEN BONE,
    Plaintiff,

vs.                                                                                        07-1353

ROGER WALKER,
    Defendants.

### CASE MANAGEMENT AND MERIT REVIEW ORDER

    This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

    The plaintiff has filed his lawsuit pursuant to 42 U.S.C. §1983 claiming his constitutional rights were violated at Pontiac Correctional Center. The plaintiff has named 11 defendants including Illinois Department of Corrections Director Roger Walker; Warden Eddie Jones; Correctional Officer Jeffrey Yusko; Adjustment Committee Members Anabelle Motteler and Cletus Shaw; Major James Backard, Medical Worker Angus, Administrative Review Board Member Sherry Benton; Tack Team Officers John Doe I and John Doe II and Grievance Officer John Doe III. The plaintiff is suing the defendants in their official and individual capacities.

    The plaintiff says he is bringing his complaint due to unlawful attacks by staff on November 29, 2006. The plaintiff admits he covered the windows to his cell on this day and the tack team was called. The plaintiff alleges the team repeatedly used excessive force against him causing injuries to his back and legs. The plaintiff says he asked for medical care but his requests were ignored. He also filed grievances, but supervising officials refused to take any action. The plaintiff has adequately alleged violations of his Eighth Amendment rights.

    The plaintiff's first Eighth Amendment claim is that the defendants used excessive force. Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 5. Relevant factors include the need for force, the relationship between that need and the force applied, the threat reasonably perceived by the officers, the efforts made to temper the severity of the force employed, and the extent of the prisoner's injury. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000), *citing Hudson*, 503 U.S. at 7. "[W]hile significant injury is not required, a claim ordinarily cannot be predicated upon a de minimis use of force." DeWalt, 224 F.3d at 619; *see also* Outlaw *v. Newkirk*, 259 F.3d 833, 839 (7th Cir. 2001)(minor injury from guard shutting

cuffport door on inmate's hand dismissed on summary judgment for guard).   The plaintiff has stated this claim against Defendants Yusko, Backard, John Doe #1 and John Doe #2.

The plaintiff's next Eighth Amendment violation is his allegation that the defendants ignored his requests for medical care.  The plaintiff has stated this claim against Defendants Angus, Yusko, John Doe #1 and John Doe #2.   The plaintiff also alleges that he complained to Defendants Benton, Walker, Jones and John Doe #3, but they took no action.

The plaintiff must pass both an objective and a subjective test in order to establish that the defendants violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991).  The first prong of the test requires the plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Id*.

The second prong of the Eighth Amendment test requires the plaintiff to show that the defendants acted with deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42).  Inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997).

The plaintiff also says the defendants "sexually assaulted" him. (Comp, p. 6).  The plaintiff is apparently making this claim because during his encounter with the tac team members, they pulled on a chain that caused pain to his rectum.  The court will consider this allegation as part of the plaintiff's Eighth Amendment claim that the officers used excessive force against him.

The plaintiff further claims he was subjected to "unjust confinement by Mental Health." (Comp, p. 6).  The plaintiff says he made no threats to himself or others, but he was placed in a mental health strip-cell with no mattress or clothing and was shackled.   For notice pleading purposes, the court finds the plaintiff has alleged a violation of his Eighth Amendment and Fourteenth Amendment rights.

The plaintiff has adequately alleged that the conditions of his confinement in the strip cell violated his Eighth Amendment rights.   In addition, the plaintiff says he was not a suicide threat and was placed in the mental health cell without a hearing.  A due process violation occur when a state actor deprives an individual of a protected liberty interest without providing adequate process.  A liberty interest exists when the defendants restrain the freedom of an inmate in a manner that "imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandlin v Conner,* 51 U.S. 472, 484 (1995).  The plaintiff has stated this claim against Defendants Angus, Yusko, John Doe #1 and John Doe #2.   The plaintiff also alleges that he complained to Defendants Benton, Walker, Jones and John Doe #3, but they took no action.

It is unclear if the plaintiff also intended to state a claim based on his allegation that the defendants lost, destroyed or failed to investigate his grievances.  If the plaintiff intended to state such a claim he has failed to allege a violation of his constitutional rights.

The plaintiff's complaint fails to articulate any claims against Defendants Motteler and Shaw.   The only mention of these defendants is in the list of parties.  Therefore, these defendants will be dismissed from the complaint.

In addition, the plaintiff is advised that he must identify the names of his Doe defendants in order to effect service on them.  The Marshals cannot serve unidentified defendants.  If the plaintiff does not know the name of a defendant, he must discover it by filing a discovery request upon the known defendants after they have been served, or, if those defendants do not provide an answer, a motion to compel with the court.   The plaintiff may also provide identifying information for each John Doe Defendant.   Failure to timely identify and serve the Doe defendants may result in their dismissal from the case.  *See* Fed. R. Civ. Proc. 4(m).

The plaintiff has also filed a motion for appointment of counsel. [d/e 3]  Civil litigants have no federal right to appointed counsel.  The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933,  936 (7th Cir.1997).  To decide whether counsel should be requested, the court asks,  "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995).   "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936.

Here, Plaintiff appears competent to proceed *pro se* based on his submissions.  At this point, the case does not appear complex, consisting primarily of an excessive force claim to which the plaintiff can testify personally. The plaintiff should also have access to his own medical records to prove any injuries he suffered as a result, and the court has already set forth the controlling law in its merit review order. Given the relatively straightforward claims, the plaintiff appears competent to try his own case.  Lastly, the present record is not developed enough to determine whether appointed counsel would make any difference in this case's outcome.

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

**1) Defendants Yusko, Backard, John Doe #1 and John Doe #2 violated the Eighth Amendment when they used excessive force against the plaintiff on November 29, 2006.**

**2) Defendants Angus, Yusko, Benton, Walker, Jones and John Doe #1, #2 and #3**

**violated the plaintiff's Eighth Amendment rights when they refused medical care to the plaintiff for injuries received on November 29, 2006.**

**3) Defendants Angus, Yusko, Benton, Walker, Jones and John Doe #1, #2 and #3 violated the plaintiff's Eighth Amendment and Fourteenth Amendment rights based on the placement and conditions in the strip cell on November 29, 2006.
The claims are against the defendants in their individual and official capacities.**

2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.  The clerk is directed to dismiss Defendants Shaw and Motteler for failure to state a claim upon which relief can be granted.

3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.  The defendants shall file an answer to the claim identified in this order.

5) The plaintiff is advised that he must identify the names of his Doe defendants in order to effect service on them.  The Marshals cannot serve unidentified defendants.  If the plaintiff does not know the name of a defendant, he must discover it by filing a discovery request upon the known defendants after they have been served, or, if those defendants do not provide an answer, a motion to compel with the court.  Failure to timely identify and serve the Doe defendants may result in their dismissal from the case.  *See* Fed. R. Civ. Proc. 4(m);

6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

    Entered this   7th    Day of February, 2008.


                  **s\Harold A. Baker**
            _____
                    HAROLD A. BAKER
              UNITED STATES DISTRICT JUDGE